**Richard W. LIVELY and Veronica Lively, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 83–1070.**

United States Court of Appeals, Eighth Circuit.

Submitted April 28, 1983.

Decided May 2, 1983.

Rehearing and Rehearing En Banc Denied June 8, 1983.

Thomas J. Carley, Rockville Centre, N.Y., for appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, Douglas G. Coulter, Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Richard W. Lively and Veronica Lively filed a Form 1040 for the taxable year 1977 reflecting income of only $7,918. This amount was entered on the line for "business income" rather than on the line for "wages, salaries, tips, and other employee compensation." With the Form 1040, the Livelys filed Wage and Tax Statements showing that Richard had received $30,-659.65 in wages during 1977. They also filed a Schedule C,[1] which, after listing "receipts" of $31,360 and "subtractions" for personal expenses of $23,442, identified "net profit" of $7,918. The Commissioner sent the taxpayers a statutory notice determining a deficiency of $6,173 and a penalty under 26 U.S.C. § 6653(a) of $308.65. The taxpayers filed a petition with the Tax Court, and that Court[2] granted summary judgment in favor of the Commissioner. T.C. Memo. 1982–590. The taxpayers appeal. We affirm.

 The taxpayers contend that the Tax Court erred in upholding the Commissioner's disallowance of their deductions, because they did not claim any deductions. While it is true that the taxpayers did not enter any amount for claimed deductions on the Form 1040, the "business income" reported on that form was calculated according to the Schedule C filed by the taxpayers, and it clearly included impermissible deductions for personal expenses. Moreover, in their petition, the taxpayers alleged that they "are entitled to deduct from gross income $23,442.00 or such greater or lesser amount as the Court may allow." Document 2 of the Record on Appeal, paragraph 5(e). The Tax Court did not err in this respect.

The taxpayers argue further that the income tax is unconstitutional because it is a direct tax which is not apportioned, that there is no law imposing an income tax on them for 1977, that 26 U.S.C. §§ 3101, 3102, and 3402 are unconstitutional, that income

cannot be defined or measured, and that an individual's "gross receipts" cannot be taxed. These arguments are wholly without merit.

 This appeal is frivolous. Pursuant to Rule 38 of the Federal Rules of Appellate Procedure, we impose on the appellants double the costs of the Commissioner.

---

1. The Schedule C (entitled Profit or (Loss) from Business or Profession (Sole Proprietorship)) reported Richard Lively's name, address, social security number, and an amount claimed as "net profit." The taxpayers attached their calculations on a separate, typewritten form.

2. The Hon. William M. Fay, Judge.