PAUL CHARCZUK and VICTORIA CHARCZUK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Charczuk v. Commissioner
Docket No. 16694-80.
United States Tax Court
T.C. Memo 1983-433; 1983 Tax Ct. Memo LEXIS 362; 46 T.C.M. (CCH) 847; T.C.M. (RIA) 83433; July 25, 1983. Thomas J. Carley, for the petitioners Rona Klein, for the respondent SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: Respondent determined a deficiency of $1,148 in petitioners' 1977 Federal income tax. The issues for our decision are (1) whether wages are income subject to Federal income tax; and (2) whether petitioners properly claimed certain business deductions. This case is before the Court on respondent's motion for summary judgment which was made at the close of the trial. The record consists of the pleadings, stipulated facts, petitioners' original 1977 joint return and the statutory notice of deficiency. Petitioners Paul E. and Victoria *363 Charczuk resided in Colorado when the petition in this case was filed.
Petitioners received wages, as reflected in the Forms W-2 from seven different corporations totaling $12,276. This amount was not reported on line 8 of the 1977 Form 1040 as wages, salaries or other employee compensation. Instead, the amount of $6,676, or the total of W-2 income earned by Paul Charczuk was listed as receipts on a schedule entitled "Profit or Loss for Year 1977." From this amount expenses totaling $4,008 were subtracted for taxes, rent, subsistence, interest, auto, telephone, utilities, supplies, dues, and subscriptions. The resulting $2,668 was reported on line 13 of the Form 1040 as business income. No similar computation was attached to the return respecting Victoria Charczuk's W-2 income which totaled $5,600. However, Victoria reported on Schedule C as well as line 13 of Form 1040 a net profit of $2,095. In his notice of deficiency, respondent adjusted petitioners' gross income to reflect the total amount reported on the several Forms W-2. He disallowed all of the claimed "Profit and Loss" expenses for lack of substantiation. Petitioner asserts various arguments against the imposition *364 of income tax including, e.g., the income tax is unconstitutional, the withholding statutes are unconstitutional, amounts withheld do not constitute taxable income, and wages are not taxable income because they are paid in an even exchange for labor. There is no genuine issue of material fact before us as to these constitutional questions, and therefore summary judgment is appropriate. See Rule 121(b). [1]
The constitutionality of the Federal income tax laws, including those statutes that apply to withholding, is well settled, and petitioners' arguments respecting the constitutional invalidity of these laws are frivolous and groundless. See, e.g. ; , affd. . Further, amounts withheld are taxable income to the taxpayer for whom they are withheld. . It is well settled that compensation for labor is income. Section 61; [2]; *365 .Petitioners' contention that payments received in exchange for their labor are not taxable income is without merit. See , and cases cited therein. [3]
Finally, petitioners assert that the respondent lacks authority to disallow business expenses which they deducted from gross profit on their Schedule C and Profit and Loss Statement. As the petitioners raise only a legal issue, summary judgment is appropriate. Rule 121(b). Petitioners insist that they claimed no deductions in determining adjusted gross income, that their Schedule C net profit reflects gross income, and therefore no deductions were claimed which might be disallowed. Petitioners are in error for a comparison of their Profit and Loss Statement and Schedule C with the Forms W-2 they received clearly *366 shows the deduction of expenses in arriving at the claimed adjusted gross income figure. Deductions are a matter of legislative grace and the Congress has delegated to the Commissioner the authority to disallow improperly claimed deductions. . A taxpayer must be able to point to a particular statute to justify his deduction and establish that he comes within its terms. . Petitioners have not shown that their expenses were ordinary and necessary business expenses or were in fact incurred. Section 162. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended during the year in issue, unless otherwise indicated. ↩
3. See also and .↩