CHRISTOPHER MANLEY AND STELLA MANLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Manley v. Commissioner
Docket No. 4893-81.
United States Tax Court
T.C. Memo 1983-558; 1983 Tax Ct. Memo LEXIS 229; 46 T.C.M. (CCH) 1359; T.C.M. (RIA) 83558; September 12, 1983. *229 Held, petitioners had gross income from wages during 1977 of $19,414.39. Their "legal" and constitutional arguments to the contrary are frivolous and wholly without merit.
Held further, respondent's disallowance of $17,923 of deductions claimed on petitioner's 1977 tax return is upheld since petitioners failed to introduce any evidence refuting respondent's determination. Held further, petitioners are liable for the addition to tax pursuant to sec. 6651(a), I.R.C. 1954. Held further, on the Court's own motion, damages under sec. 6673 are awarded to the United States since petitioners instituted these proceedings merely for delay. Thomas J. Carley, for the petitioners. Rona Klein, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated December 18, 1980, respondent determined a deficiency of $2,799 and an addition to tax of $139.95 in petitioners' Federal income tax for the taxable year 1977. The issues for decision are (1) whether petitioners had gross income from wages during 1977 totaling $19,414.39; (2) whether petitioners are entitled to deductions for any of their claimed expenses; and (3) whether petitioners are liable for the addition to tax pursuant to section 6653(a), I.R.C. 1954. FINDINGS OF FACT By Court order dated September 20, 1982, portions of respondent's proposed stipulation of facts of facts and portions of petitioner's proposed stipulation of facts were accepted as established and are herewith found as facts for purposes of this case. [1] The stipulation of facts so found and exhibits attached thereto are incorporated herein by this reference. *231 Petitioners, Christopher Manley and Stella Manley, resided in Lake Ronkonkoma, New York, at the time of filing the petition herein. They filed a joint Federal income tax return for the calendar year 1977 with the Internal Revenue Service Center, Holtsville, New York. During 1977 petitioner Christopher Manley was an employee of the Long Island Railroad. He received wages for that year, as reflected on his W-2 Form, totaling $19,414.39. From this sum, the following amounts were withheld: $3,026.96 for United States Income Tax, $1,061.09 for New York State Income Tax, $965.25 for the Railroad Employees Retirement Fund, $17.98 for New York City Income Tax, $410.40 for union dues, and $1,000 for his credit union. On their income tax return for 1977, petitioners did not report the $19,414.39 of compensation received from the Long Island Railroad on line 8, the place for reporting "Wages, salaries, tips, and other employee compensation." Instead, petitioners listed this amount on a Schedule C type form entitled "Christopher Manley," which was attached to their 1977 tax return. Petitioners then reduced this amount by a list of claimed expenses totaling $17,923, which included a *232 variety of items such as $8,620 for subsistence and maintenance, $1,797 for auto, and $1,095 for utilities. In his notice of deficiency, respondent disallowed the claimed deductions. He also asserted an addition to tax under section 6653(a) for negligence. OPINION We first address the question of whether petitioners had gross income from wages during 1977 totaling $19,414.39. Although petitioners originally reported this amount on a Schedule C attached to their joint tax return for 1977, they now contend that the return as filed is incorrect and that they actually had no income during the year in question. In support of this contention, petitioners have advanced a multitude of "legal" and constitutional arguments during and after trial. All of these contentions have been asserted unsuccessfully in the past and we continue to find such arguments frivolous and wholly without merit. Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). Accordingly, we find that petitioners received compensation in the amount of $19,414.39 during the tax year at issue. The second issue for decision is whether petitioners are entitled to deductions for any of the $17,923 *233 they claimed in expenses. With respect to this issue, petitioners have failed to offer any evidence to support their claimed deductions, deferring instead to their frivolous contentions that they had no income. Basically, the deductions claimed by petitioners on their return appear to have been for their personal, living, and family expenses. Deductions for such expenses are specifically disallowed by section 262 of the Code. Although petitioners may have incurred some expenses for items legitimately deductible, petitioners bear the burden of proving that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Accordingly, in light of petitioners' failure to introduce any evidence refuting respondent's determination, we uphold respondent's disallowance of the $17,923 of deductions claimed on their 1977 tax return. Next we address ourselves to the addition to tax asserted by respondent pursuant to section 6653(a). Section 6653(a) imposes an addition to tax equal to 5 percent of the underpayment if any part of any underpayment is due to negligence or intentional disregard of rules *234 and regulations. Respondent's determination under such section is presumptively correct. Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioners offered no evidence on this issue. Moreover, petitioners' conspicuously frivolous constitutional claims are insufficient to rebut respondent's assertion of negligence.Accordingly, we sustain the addition to tax. Finally, in light of the fact that we have been presented with no genuine issue as to any material fact, we have decided, on our own motion, to consider whether to award damages to the United States pursuant to section 6673. In 1981, the time of the initiation of the proceedings in this case, section 6673 [2] provided in part: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. * * * *235 We examined the justification for applying this section in September of 1977 in the case of Hatfield v. Commissioner,68 T.C. 895, 899 (1977), where we stated: In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." Compania de Tabacos v. Collector,275 U.S. 87, 100 (1927). The greatness *236 of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong--not an imagined wrong--which is susceptible of judicial resolution.General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred.
Although we declined to award damages in Hatfield, we did issue the following warning: "[I]f tax protesters continue to bring such frivolous cases, serious consideration should be given to imposing such damages." Hatfield v. Commissioner,supra at 900. However, despite the warning issued by this Court in Hatfield, we have continued *237 to be inundated by unwarranted tax protester cases raising thoroughly frivolous and meritless issues. In recognition of this problem, we awarded damages under section 6673 to the United States upon motion of respondent, Wilkinson v. Commissioner,71 T.C. 633, 639-643 (1979), and under the proper circumstances on our own motion. Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). In the instant case, petitioners attempted on their return to deduct their personal and living expenses from their legitimately taxable income in order to receive a refund of the entire amount of Federal income taxes that were withheld from Christopher Manley's wages. However, at trial they disavowed their return as filed, asserting instead numerous nonsensical propositions supporting their theory that they received no income during the tax year in question. In taking this stance, petitioners were represented by their tax return preparer and counsel who previously appeared before this Court in the same posture with the same frivolous arguments in the case of Lively v. Commissioner,T.C. Memo. 1982-590, *238 affd. 705 F.2d 1017 (8th Cir. 1983). In Lively, we held that respondent was entitled to summary judgment based on the fact that the taxpayers had presented us with no genuine issue as to any material fact. The taxpayers appealed our decision to the United States Court of Appeals, Eighth Circuit. On May 2, 1983, the Eighth Circuit not only affirmed our decision but also held that the appeal was frivolous and therefore awarded double costs to respondent pursuant to Rule 38 of the Federal Rules of Appellate Procedures. In the instant case, petitioners and their counsel could not have had any reasonable expectation of receiving a favorable decision in this proceeding. Nevertheless, their counsel conducted himself in such a manner as to precipitate an inordinate amount of wasted time and effort on the part of the Court, even for a tax protester case. Accordingly, we find that the proceedings in this case were instituted merely for delay and consider the following language previously adopted by this Court particularly apropos to the instant case: When the costs incurred by this Court and respondent are taken into consideration, *239 the maximum damages authorized by the statute ($500) do not begin to indemnify the United States for the expenses which petitioner's frivolous action has occasioned.Considering the waste of limited judicial and administrative resources caused by petitioner's action, even the maximum damages authorized by Congress are wholly inadequate to compensate the United States and its other taxpayers. These costs must eventually be borne by all of the citizens who honestly and fairly participate in our tax collection system. * * * [Sydnes v. Commissioner,supra at 872-873.] Since we have concluded that this case was brought merely for delay, pursuant to section 6673, we award the United States the maximum damages authorized by law ($500). An appropriate order and a decision for respondent will be entered.
Footnotes
1. Although portions of petitioners' proposed stipulation of facts were deemed established, this was done without accepting the relevance of some of the items contained therein.↩
2. We observe that in proceedings commenced after December 31, 1982, this Court is permitted to impose damages up to $5,000 where those proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in such proceeding is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574.↩