DALE W. BARTLETT AND MARY L. BARTLETT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bartlett v. Commissioner
Docket No. 27909-83.
United States Tax Court
T.C. Memo 1984-480; 1984 Tax Ct. Memo LEXIS 193; 48 T.C.M. (CCH) 1066; T.C.M. (RIA) 84480; September 10, 1984. Dale W. Bartlett and Mary L. Bartlett, pro se. Blake W. Ferguson and Charles E. Williams, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on July 23, 1984 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
Respondent, *195 in his notice of deficiency issued to petitioners on June 29, 1983, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1980 in the amount of $3,534.00 and an addition to the tax under section 6653(a) [2] in the amount of $177.00. The deficiency is based on the disallowance of an adjustment to income claimed by petitioners in the amount of $16,309.00. [3]
Petitioners, *196 at paragraph 4 of their timely filed petition, recite-- A. On each of the counts listed in the deficiency notice, the Commissioner errs in that the tax forms mislead the petitioner to report more than was required. B. Petitioner now understands and concurs with the 16th Amendment and does not believe that he or she is a subject of the tax nor that the amount called deficient is correct. C. Petitioner therefore makes this special appearance to serve notice, petitioner questions the commissioner's or the court's jurisdiction. D. Revenue Commissioner is further advised that Petitioner (a U.S. citizen) demands all rights under the U.S. Constitution and more specifically the right to trial by jury. [4]
Respondent filed his answer on November 28, 1983, on which date the pleadings were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38 and 121. Sufficiency of the Pleadings
Rule 34(b) provides in pertinent part that the petition in a deficiency action shall *197 contain "* * * [c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability * * *" and "* * * [c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *." It is clear beyond doubt that the petition raises no justiciable error respecting either of respondent's determinations. [5] Moreover, it is equally clear that no justiciable facts appear anywhere in the petition. In our view, petitioners are yet others in a seemingly unending parade of tax protesters bent on glutting the docket of this Court and otherw with frivolous and groundless claims (all of which have been summarily rejected by this Court and others on innumerable occasions) and they have instituted this proceeding primarily for delay. As best we understand this record, we answer their frivolous and groundless contentions hereinbelow. *198 Respondent issued a valid notice of deficiency, a timely petition was filed and this Court has jurisdiction of this case. Sections 6212, 6213, and 6214. The determinations made by respondent in his notice of deficiency are presumed correct; the burden of proof is on petitioners [not respondent] to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); [6] Rule 142(a). This Court generally (as is the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Proesel v. Commissioner,73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). The U.S. Tax Court is a court of record established under Article I of the Constitution of the United States and duly empowered to *199 hear and decide cases within the authority entrusted to it [including this case]. Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971); sections 7441 and 7442. See also Rowlee v. Commissioner,80 T.C. 1111, 1114-1115 (1983), appeal dismissed (2nd Cir. 1984), which thoroughly devitalizes petitioners' contention that the United States Tax Court is not a constitutional court. The [Bartletts] are not entitled to a jury trial. Because there is no common law right of action against the sovereign, the Seventh Amendment does not apply to suits against the United States. McElrath v. United States,102 U.S. 426, 440, 26 L.Ed. 189 (1880). Therefore the denial of the right to a jury in Tax Court is not unconstitutional. Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981); Olshausen v. Commissioner,273 F.2d 23, 27-28 (9th Cir. 1959), cert. denied,363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517 (1960). Moreover, by paying the tax and perfecting a refund suit the [Bartletts] could have obtained a jury trial. They voluntarily chose not to do this." [McCoy v. Commissioner,696 F.2d 1234, 1237 (9th Cir. 1983), *200 affg. 76 T.C. 1027 (1981).] Summary Judgment
Although we could have made a determination in respondent's favor on the basis of the pleadings alone, we prefer to rely on respondent's affirmative showing here. In his motion for summary judgment, respondent maintains that there is no genuine issue of material fact either as to the amount of the deficiency or the imposition of the negligence addition. Respondent has submitted the affidavit of Blake W. Ferguson, respondent's trial counsel, which provides, in pertinent part-- 4. That attached hereto as Exhibit A is a true and correct copy of the United States Federal Income Tax Return (Form 1040) filed by the petitioners for the taxable year 1980. 5. That attached hereto as Exhibit B is a true and correct copy of the statutory notice of deficiency dated June 29, 1983. The affidavit is subscribed and sworn to under oath. Each document referred to in the affidavit was attached as a part thereof. Petitioners, as indicated hereinbefore, have submitted no response to respondent's motion. Among the documents submitted as part of Exhibit A, the Form 1040 filed by petitioners for taxable calendar year 1980, *201 are nine Forms W-2, each with the name and social security number of the respective petitioner. There are various employers listed on the Forms W-2. The Forms W-2 show that petitioners received wage income in 1980 from their respective employers in the aggregate amount of $34,967.25. Petitioners reported their wages in full on line 8, Wages, salaries, tips, etc., of their Form 1040. On line 9 they reported interest income of $274.66. They then deducted, on line 21, Other income, an amount of $16,309.02, characterizing this deduction as "Factor Discount on Receivables Sold". By use of this impermissable procedure they reported a total income on line 22 of $18,932.89. The purpose of summary judgment under Rule 121 is to "pierce" the pleadings to determine if any genuine issues of material fact exist for determination. C. Wright, A. Miller & M. Kane, 10 Federal Practice and Procedure: Civil, sec. 2712 (2d ed. 1983). [7] A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material *202 fact and that a decision may be rendered as a matter of law. Rule 121(b). The burden of proving that there is no genuine issue of material fact is on the moving party. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Graf v. Commissioner,80 T.C. 944, 946 (1983); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). On a motion for summary judgment the presumptive correctness of respondent's determinations will permit judgment in respondent's favor, without trial, unless the nonmoving party introduces evidence, in his pleadings or otherwise, showing that there is a genuine issue of material fact. Abramo v. Commissioner,78 T.C. 154, 163-164 (1982). *203 See Parkinson v. Commissioner,647 F.2d 875, 876 (9th Cir. 1981), which sustains this standard. Here, respondent maintains that he has met his burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. For the reasons discussed hereinbelow, we agree. I. Adjustment to Income for Factor Discount
The first principle of Federal income taxation is "that income must be taxed to him who earns it." Commissioner v. Culbertson,337 U.S, 733, 739-740 (1949). See also United States v. Basye,410 U.S. 441, 449 (1973); Johnson v. United States,698 F.2d 372, 374 (9th Cir. 1982); Benningfield v. Commissioner,81 T.C. 408, 418 (1983). [8] The courts will not permit this rule to be defeated by contractual arrangements designed to deflect the incidents of Federal income taxation away from the one who earns the income. Benningfield v. Commissioner,supra at 418-419. See also United States v. Basye,supra at 449-450; Lucas v. Earl,281 U.S. 111, 114-115 (1930). The fact that the contractual *204 arrangement is binding for state law purposes is irrelevant to the determination of who earns the income for Federal income tax purposes. Benningfield v. Commissioner,supra at 418-419. Income is earned by the person who controls the earning of the income. Benningfield v. Commissioner,supra at 419; Johnson v. Commissioner,78 T.C. 882, 891 (1982); Anerican Savings Bank v. Commissioner,56 T.C. 828, 839 (1971). "* * * Determining who earns the income depends upon which person or entity in fact controls the earning of the income, not who ultimately receives the income. * * *." Benningfield v. Commissioner,supra at 419. Our review of the affidavit and exhibits submitted by respondent as well as the pleadings convinces us that there is no genuine issue of material fact as to who earned the income reflected on line 8 of petitioners' Form 1040 or in petitioners' Forms W-2 for the taxable calendar year 1980. Respondent's determinations, as reflected in the notice *205 of deficiency, are presumptively correct. Petitioners have introduced no facts which would contradict respondent's determinations. In addition, the materials respondent has submitted with his motion support the conclusion that there is no genuine issue of material fact relative to the adjustment to income for factor discount. The Forms W-2 reflect the names and social security numbers of petitioners. There is no indication on these Forms W-2 that petitioners' employers had entered into an agreement with any other person or entity which would be the true earner of the income for Federal income tax purposes. Nor is there any indication that any person or entity other than the employers listed on the Forms W-2 controlled petitioners' activities. The amounts on the Forms W-2 were reported as gross income on line 8 of petitioners' Form 1040 for the taxable calendar year 1980. Had these amounts actually been earned by another taxpayer, petitioners should have excluded them from their gross income. There is no provision under section 62 for an adjustment to gross income of the type claimed by petitioners. Accordingly, we find that there is no genuine issue of material fact as to *206 petitioners' claimed adjustment to income and that this adjustment is not allowable as a matter of law. Therefore, respondent's motion will be granted insofar as it seeks summary judgment as to the adjustment to income. II. Section 6653(a)--Addition to Tax
Section 6653(a) provides: (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income, Gift, or Windfall Profit Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Respondent's determinations, as reflected in the notice of deficiency, are presumptively correct. Here, respondent has imposed an addition to tax for negligence or intentional disregard of the rules and regulations under section 6653(a). Petitioners have not raised one shred of evidence to show that there is a factual issue as to the imposition of the addition to tax under section 6653(a). In addition the materials *207 submitted by respondent support the conclusion that there is no genuine issue of material fact relative to the addition to tax under section 6653(a). Petitioners reported their adjustment to income for "Factor Discount on Receivables Sold" on line 21, Other income, of their Form 1040. Line 21 of the Form 1040 for 1980 directs the preparer to page 10 of the instructions for preparing Form 1040 to determine what items are properly reportable on line 21. The instructions for line 21 provide "[u]se line 21 to report any income you can't find a place for on your return or other schedules." The instructions for line 21 also provide for the reporting of a net operating loss. No provision is made for reporting any other type of loss, expense or deduction on line 21. Therefore, petitioners, by the Form 1040 alone, were on notice that they had not properly claimed an adjustment to income. In sum, neither the Internal Revenue Code nor any other statute makes provision for a factor discount on receivables sold. It is a well established principle of law that deductions are a matter of legislative grace and are not allowable unless Congress has specially provided for them. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). *208 Accordingly, we find that there is no genuine issue of material fact as to the fact of negligence or intentional disregard of the rules and regulations, and the addition to tax under section 6653(a) will be imposed as a matter of law. [9] Respondent's motion will be granted insofar as it seeks summary judgment as to the addition to tax. Damages
Finally, we consider whether we should, on our own motion, award damages to the United States under section 6673. The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court", amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983." [10]
*209 Section 6673, as amended, and as applicable to this case, provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Thus, when this Court, in its discretion, determines that a proceeding has been instituted or maintained by the taxpayer primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. While we did not award damages in Benningfield v. Commissioner,supra, which was filed almost a year ago, we warned that damages will be awarded in an appropriate case involving a "brazen tax-avoidance scheme." We reiterated that warning in Page v. Commissioner,T.C. Memo. 1984-236, *210 which presented a factual situation akin to that in Benningfield. Following our warnings, on July 31, 1984 and July 26, 1984, respectively, in two cases virtually identical to Benningfield, damage aards of $3,500.00 were made. See Korkowski v. Commissioner,T.C. Memo. 1984-399 and Fadden v. Commissioner,T.C. Memo. 1984-388 and cases cited therein. [11] See also, Zettner v. Commissioner,T.C. Memo. 1984-463, where a $1,000.00 damage award was made. The Court of Appeals for the Ninth Circuit, where venue on appeal of this case lies, has made it unmistakeably clear that it will not tolerate the filing of frivolous appeals. McCoy v. Commissioner,supra;Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. per curiam an unreported decision of this Court; Barmakian v. Commissioner,698 F.2d 1228 (9th Cir. 1982), affg. without published opinion *211 an unreported order and decision of this Court; Martindale v. Commissioner,692 F.2d 764 (9th Cir. 1982), affg. without published opinion an unreported order and decision of this Court. [12]
Here, petitioners have instituted these proceedings and have asserted as their defense to the Commissioner's determinations nothing but frivolous and groundless contentions. Petitioners with genuine controversies were delayed while we considered this case. On this record, we find that petitioners' position in this proceeding is frivolous and groundless and that this proceeding was instituted primarily for delay. Therefore, in our discretion, we conclude that damages in the amount of $3,000.00 are appropriate, and damages *212 in that amount will be awarded to the United States under section 6673. [13]
An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(c) and (d), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). Unless otherwise specified, all rule references are to the Tax Court Rules of Practice and Procedure.
2. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year at issue. ↩
3. Respondent, in a statement attached to his notice, explains the disallowance as follows: "On your 1980 income tax return you claimed a deduction in the amount of $16,309 as a 'Factor Discount on Receivables Sold'. It is determined that there is no provision in the Internal Revenue Code to allow a deduction of this nature. It is further determined that your transaction with International Dynamics, which purportedly are the basis for your deduction, are sham transactions, having no economic purpose, substance, or motive other than the avoidance or evasion of tax. Therefore, the deduction is disallowed in full and your taxable income is increased accordingly."↩
4. This is the sum and substance of petitioners' case. They have not filed a single paper in this case subsequent to the filing or the petition.↩
5. In such circumstance, Rule 34(b)(4) states, in part--" * * * Any issue not raised in the assignment of errors shall be deemed to be conceded. * * *". See Jarvis v. Commissioner,78 T.C. 646, 658 (1982), and Gordon v. Commissioner,73 T.C. 736, 739↩ (1980).
6. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit.↩
7. Summary judgment under Rule 121 is derived from Rule 56, Federal Rules of Civil Procedure. Hence, in any question turning on the interpretation of Rule 121, the history of Rule 56, Federal Rules of Civil Procedure, and the authorities interpreting such rule are considered by the Tax Court. See Hoeme v. Commissioner,63 T.C. 18, 21 (1974); Shiosaki v. Commissioner,61 T.C. 861, 862↩ (1974).
8. The facts of this case appear similar to those in Benningfield v. Commissioner,81 T.C. 408↩ (1983).
9. Indeed, "* * * [n]o reasonable person would have trusted this scheme to work." Hanson v. Commissioner,696 F.2d 1232, 1234↩ (9th Cir. 1983).
10. The Committee Reports to sec. 292(b), Pub. L. 97-248, state, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.]↩
11. Particularly United States v. Landsberger,692 F.2d 501↩ (8th Cir. 1982), where the Eighth Circuit made it crystal clear that the frivolous contentions raised had no merit under the income tax law.
12. Neither will the Courts of Appeal for the Fifth, Seventh and Eighth Circuits. See Crain v. Commissioner,     F.2d     (5th Cir. 1984), where the Court in affirming a damage award made by this Court assessed a damage award of $2,000.00 in favor of the United States; Granzow, et al v. Commissioner,     F.2d     (7th Cir. 1984), affg. decisions of this Court; and Lively v. Commissioner,705 F.2d 1017↩ (8th Cir. 1983).
13. See Coulter v. Commissioner,82 T.C. 580 (1984); and Abrams v. Commissioner,82 T.C. 403 (1984), where $5,000 damages awards were made. See also, Paulson v. Commissioner,T.C. Memo. 1984-430 and Hinshaw v. Commissioner,T.C. Memo. 1984-250↩.