**Alfred FICALORA, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 236, Docket 84–4059.**

United States Court of Appeals, Second Circuit.

Argued Oct. 19, 1984.

Decided Dec. 13, 1984.

---

Thomas J. Carley, Rockville Centre, N.Y., for appellant.

Glen L. Archer, Jr., Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C. (Michael L. Paup, William S. Estabrook and Elaine F. Ferris, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief), for appellee.

Before OAKES and WINTER, Circuit Judges, and CLARIE, District Judge *.

CLARIE, Senior District Judge.

Alfred Ficalora appeals from a decision of the United States Tax Court, Dawson, J., determining, for the calendar year 1980, a deficiency in the amount of $10,013.09 and additions to tax of $606.55 and $526.05 under Sections 6651(a)(1) and 6653(a)(1) of the Internal Revenue Code of 1954 (26 U.S.C.), respectively. Having found the appellant's many claims to be without any merit, we affirm the decision of the United States Tax Court.

BACKGROUND

Alfred Ficalora filed a document with respect to his tax liability for 1980 on which he reported taxable income in the amount of $6,465.00. During the taxable year 1980, the appellant was employed by the New York Telephone Company. The document filed by Ficalora became the sub-

ject of an Internal Revenue Service audit. As a result of that audit, the Commissioner adjusted the taxpayer's gross income to include $2,614.00 in interest income and $343.00 in dividend income, and to reflect the disallowance of $27,219.00 in business expense deductions and the allowance of a $1,000.00 credit for a personal exemption. Based on these adjustments, the Commissioner determined that the taxpayer owed a deficiency of $10,013.09. The Commissioner further found that as the document filed by the taxpayer did not constitute a tax return within the meaning of the Internal Revenue Code, the taxpayer is liable for an addition to tax under Code Section 6651(a)(1) in the amount of $606.55 for failure to file a return. The Commissioner also determined that the underpayment in tax was due either to the taxpayer's negligence or his intentional disregard of rules and regulations, and, therefore, assessed an addition to tax under 26 U.S.C. § 6653(a) in the amount of $526.05.

A notice of deficiency reflecting these determinations was sent to the taxpayer on June 2, 1983. Ficalora thereupon filed a petition with the Tax Court seeking a redetermination of the deficiencies and additions to tax assessed against him by the Commissioner. In this petition, and other documents filed with the Tax Court, the taxpayer asserted various legal arguments, including, *inter alia*, the contentions that wages do not constitute taxable income within the meaning of the Internal Revenue Code or the United States Constitution, that the withholding statutes are unconstitutional, and that the additions to tax, provided in Code Sections 6651(a)(1) and 6653(a)(1), are unconstitutional.

The Commissioner moved to dismiss the appellant's petition, pursuant to Rules 34(b) and 40 of the Rules of Practice and Procedure of the United States Tax Court, on the ground that the taxpayer had alleged no justiciable error with respect to the determination and had asserted no justiciable

* Honorable T. Emmet Clarie, Senior United States District Judge for the District of Connecti-
cut, sitting by designation.

facts in support of the petition. The Tax Court granted that motion and sustained in full the deficiency and additions to tax asserted against the taxpayer.

Through this appeal, the appellant has attempted to launch a broadly based attack on the authority of both the Courts and the Congress to impose and collect a tax on his income for the taxable year 1980.

## DISCUSSION

### I. *Constitutional Authority to Impose An Income Tax on Individuals*

█ We first address ourselves to the appellant's contention that neither the United States Congress nor the United States Tax Court possess the constitutional authority to impose on him an income tax for the taxable year 1980. Appellant argues that an income tax is a "direct" tax and that Congress does not possess the constitutional authority to impose a "direct" tax on him, since such a tax has not been apportioned among the several States of the Union. In support of his argument, appellant cites Article I, Section 9, clause 4 of the United States Constitution which provides that:

> "No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken."

He also relies on the case of *Pollock v. Farmer's Loan and Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759 (initial decision), 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (decision on rehearing) (1895), wherein the United States Supreme Court held that a tax upon income from real and personal property is invalid in the absence of apportionment.

In making his argument that Congress lacks constitutional authority to impose a tax on wages without apportionment among the States, the appellant has chosen to ignore the precise holding of the Court in *Pollock*, as well as the development of constitutional law in this area over the last ninety years. While ruling that a tax upon income from real and personal property is

invalid in the absence of apportionment, the Supreme Court explicitly stated that taxes on income from one's employment are not direct taxes and are not subject to the necessity of apportionment. *Pollock v. Farmer's Loan and Trust Co.*, 158 U.S. at 635, 15 S.Ct. at 919. Furthermore, the Sixteenth Amendment to the United States Constitution, enacted in 1913, provides that:

> "The Congress shall have the power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."

Finally, in the case of *New York ex rel. Cohn v. Graves*, 300 U.S. 308, 57 S.Ct. 466, 81 L.Ed. 666 (1937), the Supreme Court in effect overruled *Pollock*, and in so doing rendered the Sixteenth Amendment unnecessary, when it sustained New York's income tax on income derived from real property in New Jersey. *Id.* at 314–15, 57 S.Ct. at 468–69. Hence, there is no question but that Congress has the constitutional authority to impose an income tax upon the appellant.

### II. *Statutory Authority to Impose an Income Tax on Individuals and Definition of Taxable Income*

The appellant contends that "[n]owhere in any of the Statutes of the United States is there any section of law making any individual liable to pay a tax or excise on 'taxable income.'" He also claims that there is no law or statute which imposes on him certain additions to income tax due. The essence of the appellant's argument is that 26 U.S.C. § 1 does not impose a tax on any individual for any stated period of time; rather, it imposes a tax on an undefined: "taxable income".

█ Section 1 of the Internal Revenue Code of 1954 (26 U.S.C.) (hereinafter the Code) provides in plain, clear and precise language that "[t]here is hereby imposed on the taxable income of every individual ... a tax determined in accordance with" tables set-out later in the statute. In equally clear language, Section 63 of the Code defines taxable income as "gross in-

come, minus the deductions allowed by this chapter ...", gross income, in turn, is defined in Section 61 of the Code as "all income from whatever source derived, including (but not limited to) ...: (1) Compensation for services ...". Despite the appellant's attempted contorted construction of the statutory scheme, we find that it coherently and forthrightly imposes upon the appellant a tax upon his income for the year 1980.

 Sections 6651(a)(1) and 6653(a)(1) of the Code impose additions to the income tax due and owing for failure to file a proper return and for failure to make timely payments, respectively. The appellant claims that the Congress lacks the constitutional authority to enact such additions to tax. He also contends that there are no laws or statutes which impose on him any additions to tax. The constitutionality of Congress' enactment of tax penalties, such as §§ 6651(a)(1) and 6653(a)(1), has been upheld by the Supreme Court. *See Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938); *Oceanic Steamship Navigation Co. v. Stranahan,* 214 U.S. 320, 339, 29 S.Ct. 671, 676, 53 L.Ed. 1013 (1909). These sections, on their face, by their clear language, impose additions to tax on the appellant for failing to file a proper return and for failing to make timely payment of his income tax due. Accordingly, there is no merit to the appellant's contention that there is no constitutional authority for these provisions and that there are no laws or statutes which impose additions to tax on him.

### III. *"Income"*

 Lastly, the appellant asserts that the term "income", as used in the taxing statutes, has no defined meaning and is unconstitutionally vague and indefinite. As discussed above, Section 61 of the Code defines gross income as "all income from whatever source derived". Even if we were to assume, *arguendo,* that this phrase is somehow vague or indefinite, Section 61 of the Code specifically cites "[c]ompensation for services ..." as a concrete example of what is meant by the term income. The wages which the appellant

received for his services rendered to New York Telephone in taxable year 1980, fall squarely within the definition of income contained in Section 61(a)(1) of the Code. The appellant's argument that the term "income", as used in the Code, is unconstitutionally vague and indefinite, is totally without merit.

### IV. *Imposition of Sanctions*

 The Commissioner of Internal Revenue argues forcefully for the imposition of sanctions in this appeal. However, the determination of whether to impose such sanctions is reserved to the discretion of this Court. As this is the appellant's first appeal of the issues presented in this case, and because this Court has not heretofore explicitly ruled on the issues raised, however clear their resolution may be, we will not impose sanctions upon the appellant.

### CONCLUSION

For the reasons set forth above, we affirm the decision of the United States Tax Court.