**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas J. CARLEY,**
**Defendant-Appellant.**

**No. 73, Docket 85–6099.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 25, 1985.

Decided Feb. 13, 1986.

---

Elaine F. Ferris, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Richard W. Perkins, Attys., Tax Div., Dept. of Justice, Washington, D.C., Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for plaintiff-appellee.

Thomas J. Carley, Rockville Centre, New York, pro se.

Before PIERCE, WINTER and DAVIS *, Circuit Judges.

WINTER, Circuit Judge:

On this appeal Thomas J. Carley asserts various claims that he has twice raised without success in this court in the recent

---

* Honorable Oscar H. Davis, United States Circuit Judge for the Federal Circuit, sitting by designation.

**1.** Section 6107(b) provides:

past. These claims notably include the assertion that the Sixteenth Amendment to the United States Constitution does not empower Congress to impose the income taxes of the Internal Revenue Code, 26 U.S.C. §§ 1–1564 (1982). On the previous occasions, we rejected Carley's claims as frivolous but refrained from imposing sanctions. On this occasion, we once more reject his claims, impose double costs under Rule 38, Fed.R.App.P., and remand under Rule 11, Fed.R.Civ.P., for a determination of costs and attorney's fees incurred by the government since March 5, 1984 as a result of Carley's refusal to provide the documents that are the subject of this action.

Carley is a lawyer and income tax preparer with a documented history of using preparation methods that are not in compliance with the tax laws. He has repeatedly signed returns as a preparer in which salaried taxpayers have reported their wages on Schedule C, Profit or (Loss) from Business or Profession, and have deducted their personal living expenses as business expenses. In addition, Carley has represented taxpayers in litigation, some of whose returns he has prepared, on whose behalf he has repeatedly raised frivolous arguments, including that the income tax is unconstitutional and that wages are not income. *See Ficalora v. Commissioner,* 751 F.2d 85 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1869, 85 L.Ed.2d 162 (1985); *Manley v. Commissioner,* 46 T.C.M. (CCH) 1359 (1983); *Charczuk v. Commissioner,* 46 T.C.M. (CCH) 847 (1983); *Lively v. Commissioner,* 705 F.2d 1017 (8th Cir.1983).

To determine the extent of noncompliance caused by Carley, the Internal Revenue Service ("IRS") sought copies of income tax returns prepared by Carley or any of his employees, or a listing pursuant to I.R.C. § 6107(b) of taxpayers for whom Carley had prepared returns.[1] On January

Any person who is an income tax return preparer with respect to a return or claim for refund shall, for the period ending 3 years after the close of the return period—

26, 1983, following proper notice, an IRS agent appeared at Carley's office in order to inspect the documents for the years 1980 and 1981. Carley refused the agent entry. The request was broadened to include the period January 1, 1982 to June 14, 1983, but Carley refused the IRS's request to appear at its office with the documents. On July 25, 1983, the Government filed this suit in the Eastern District to compel Carley to produce the requested documents.

Carley responded with numerous defenses that challenged the constitutionality of the tax laws and the enforcement actions of the IRS. He also filed a counterclaim for $10,000, asserting violations of his civil rights. On October 19, 1983, Carley served a list of 68 interrogatories upon the Government. In those, he requested that the Government provide him with the citations to the United States Constitution that empowered Congress to enact various provisions of the Code. He also asked for the "precise legal definition" of certain terms, such as "income tax return preparer," "taxpayer," "return," "income tax," "taxable income," and "adjusted gross income." The district court ruled that the United States need not reply to the interrogatories until the Government's motion for summary judgment had been heard.

The district court granted the Government's motion for summary judgment on December 28, 1983, and dismissed Carley's counterclaim. The court's order directed Carley "to make available to Revenue Agent Frank Bame, or his designee, copies of all returns or claims for refund (as defined in 26 U.S.C., Section 6696(e) and Treasury Regulations Sections 301.7701–15(c)) or a listing of the names and taxpayer

identification number of each taxpayer for whom such returns were prepared by the defendant or any employees of the defendant or his law firm from January 1, 1980 to June 14, 1983." On March 5, 1984, this court affirmed by unpublished order, ruling that Carley's arguments lacked any merit.[2] 732 F.2d 142.

After this ruling, Carley represented the appellant in *Ficalora* and raised the same legal arguments. We rejected these in a published opinion.

On March 21, 1985, the Government filed a motion in the instant case for an order to compel compliance with the district court's December 28, 1983 order as affirmed by this court. On March 29, 1985, the district court ordered Carley to appear on a specified day at an IRS office in Brooklyn to produce for inspection all returns or claims for refund, or a listing of the name and taxpayer identification number of each taxpayer for whom such returns were prepared, as had previously been ordered on December 28, 1983. Carley now appeals from this most recent order.

■ Carley's arguments on this wholly repetitive appeal are plainly frivolous. Again, he argues that the income tax is unconstitutional because the Sixteenth Amendment limited the taxing power of Congress, and conferred no new power of taxation, the identical argument he made unsuccessfully in the earlier appeal in the instant case and later as counsel in *Ficalora.*

Vexatious repetition is evident in Carley's other arguments. He argues that the income tax is unconstitutional under any of several provisions, including Article I, Sec-

(1) retain a completed copy of such return or claim, or retain, on a list, the name and taxpayer identification number of the taxpayer for whom such return or claim was prepared, and
(2) make such copy or list available for inspection upon request by the Secretary.

2. The Summary Order of March 5, 1984 stated:
1. Appellee has made a sufficient showing that appellant was an income tax return preparer for purposes of 26 U.S.C. § 6107, and that he failed to make the documents de-

scribed in that section available for inspection. Appellant's frivolous denials fail to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Accordingly, the entry of summary judgment compelling appellant to make those documents available was entirely proper.
Concerning the other issues raised on this appeal, the summary order stated:
4. Appellant's other contentions are entirely without merit.

tion 9, Clause 4. This argument was also advanced by Carley in the first appeal in the present case and in *Ficalora.* We concluded in the latter that "there is no question but that Congress has the constitutional authority to impose an income tax." 751 F.2d at 87. Carley argues next that there is no "tax" imposed by Subtitle A of the Internal Revenue Code, the subtitle entitled "Income Tax." Since there is no "tax," he contends that there cannot be a "return" or a "claim for refund," and the Order pursuant to I.R.C. § 6107(b) compelling disclosure of returns and claims for refunds is thus "gibberish." An essentially identical contention was made in the earlier appeal and in *Ficalora,* where we rejected Carley's argument that there is no statute that makes an individual liable to pay income tax. 751 F.2d at 87–88.

Carley's arguments were thus rejected in the first appeal in this case and in *Ficalora.* Other courts have rejected the same or similar arguments when Carley has raised them in other cases. In *Lively,* 705 F.2d at 1018, Carley was counsel to two taxpayers who made many of the arguments raised on this appeal. The Eighth Circuit found the arguments "wholly without merit," and concluded that the appeal was frivolous. That court then invoked Rule 38 of the Federal Rules of Appellate Procedure, and assessed double costs against the taxpayers. That rule provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

Carley has thus forced the Government and the courts to expend considerable time and resources in the repetitive litigation of these utterly frivolous issues. Sanctions are therefore in order, and in light of *Lively* double costs must be assessed for this appeal under Rule 38.

■ We note that the provision in Rule 38 for "just damages" also allows the award of attorney's fees for a frivolous appeal. *See, e.g., United States v. Potamkin Cadillac Corp.,* 689 F.2d 379 (2d Cir. 1982) (per curiam) (double costs and attorney's fees assessed jointly and severally

against client and attorney); *Gattuso v. Pecorella,* 733 F.2d 709 (9th Cir.1984) (per curiam) (court exercises its discretion to order double costs and attorney's fees in frivolous taxpayer suit). However, we choose not to rely upon Rule 38 because the costs incurred by the Government as a consequence of Carley's vexatious and unprofessional conduct may include proceedings in the district court as well as in this court.

Rather we rely on Rule 11 of the Federal Rules of Civil Procedure. This was amended in 1983 to empower courts to sanction attorneys who use court proceedings to harass, cause unnecessary delay, or needlessly increase the cost of litigation. The amended rule for the first time made explicit the power of courts to impose sanctions on their own motion. It made clear that the signature of an attorney constitutes a certificate that "to the best of his knowledge, information, and belief formed after reasonable inquiry [the pleading] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The rule for the first time detailed sanctions that include "an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." The Advisory Committee note makes clear the intent of the amendment: "The new language is intended to reduce the reluctance of courts to impose sanctions ... by emphasizing the responsibilities of the attorney and reenforcing those obligations by the imposition of sanctions." A similar provision is 28 U.S.C. § 1927, which was amended in 1980 to specifically allow attorney's fees as sanctions. It now states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*See Mone v. Commissioner,* 774 F.2d 570, 574–75 (2d Cir.1985) (applying sanctions under § 1927).

Carley knew by March 5, 1984, the day on which we affirmed the prior appeal in this case by summary order, that his defenses were baseless. We believe that the Government is entitled under Rule 11 to the costs, including attorney's fees, it has incurred since that date (including this appeal) because of Carley's refusal to provide the documents that are the subject of this action. We therefore remand under Rule 11 for a determination of those costs and fees.

The order is affirmed, appellant to pay double costs on the appeal. Remanded to the district court for a determination of reasonable costs and attorney's fees.