T.C. Memo. 1999-5

UNITED STATES TAX COURT

RODNEY W. & LYNNELL R. FRAZIER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12644-97.                    Filed January 14, 1999.

Rodney W. and Lynnell R. Frazier, pro sese.

<u>Alan Friday</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  By separate notices of deficiency, respondent determined the following deficiencies and penalties with respect to petitioner husband's 1993 Federal income taxes and petitioners' joint 1994 and 1995 Federal income taxes:

| Years | Deficiency | Accuracy-related Penalty Sec. 6662 |
|-------|-----------|------------------------------------|
| 1993 | $6,412 | $1,282 |
| 1994 | 9,140 | 1,828 |
| 1995 | 4,420 | 884 |

All section references are to the Internal Revenue Code in effect in the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded.

Some of the facts have been stipulated and are so found and incorporated by this reference.

At the time the petition was filed, petitioners were married and living in Hueytown, Alabama.

During the years at issue, petitioner husband operated a business known as Pro TV & VCR Repair. In 1993, petitioner husband filed a Federal income tax return with a filing status of single.

In 1994, petitioners were married. During the years at issue, petitioner wife was employed at the Alabama Power Co. In 1994 and 1995, petitioners filed joint Federal income tax returns.

Petitioner husband's tax return for 1993, and petitioners' joint tax returns for 1994 and 1995, reported income as follows:

| Year | Source of Income | Amount of Income Reported |
|------|------------------|---------------------------|
| 1993 | Schedule C income | $715 |
|      | Interest income | 20 |
| 1994 | Wages | 29,097 |
|      | Dividend income | 134 |
|      | Schedule C income | 670 |
| 1995 | Wages | 38,433 |
|      | Interest | 29 |
|      | Dividends | 141 |
|      | Schedule C loss | (3,534) |

In 1993, petitioner husband purchased a house, which he sold in 1994, resulting in a capital gain of $2,340.

Respondent determined that for taxable year 1993 petitioner husband had unreported income in the amount of $28,933, and that for taxable years 1994 and 1995, petitioners had unreported income of $31,607, and $17,828, respectively. Respondent also determined that petitioners had unreported capital gain of $2,340 in taxable year 1994.

In their petition, petitioners alleged that they did not engage in any taxable activities during the years at issue.

### Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances involving unreported income, respondent must make some minimal evidentiary

showing linking the taxpayer to an income-producing activity before the presumption in favor of respondent's determination attaches. Blohm v. Commissioner, 994 F.2d 1542, 1548-1549 (11th Cir. 1993), affg. T.C. Memo. 1991-636. In the case at hand, ample evidence supports respondent's determinations.

Respondent used the cash expenditures method to reconstruct petitioners' income. This method is based on the assumption that, absent some explanation by the taxpayer, the excess of a taxpayer's expenditures over reported income in a taxable year constitutes taxable income. Petzoldt v. Commissioner, 92 T.C. 661, 695 (1989).

Petitioners have stipulated copies of bank records disclosing deposits and disbursements from their bank accounts and schedules prepared by respondent summarizing all of the transactions, deposits, and disbursements. For each of the years in issue, these documents show that petitioners made substantial expenditures in excess of amounts reported as income on their Federal income tax returns. Our review of the record indicates that respondent complied with the requirements set forth in Holland v. United States, 348 U.S. 121 (1954), by adequately accounting for opening cash balances and for nontaxable receipts such as loans, see Petzoldt v. Commissioner, supra at 695, and that respondent has properly reconstructed petitioners' income for the years in issue.

Petitioners bear the burden of showing that respondent's application of the cash expenditures method was unfair or

inaccurate. See Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964); Goe v. Commissioner, 198 F.2d 851 (3d Cir. 1952); Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986); Alvarez v. Commissioner, T.C. Memo. 1995-414. Petitioners chose to present no substantive evidence and to call no witnesses. At trial, petitioner husband sought to read from a prepared statement contending that the Federal income tax is an indirect tax under Article 1, Section 8, Clause 1 of the Constitution, and that petitioners did not engage in any "excise taxable activities". Petitioners' trial memorandum advances similar arguments.

Petitioners' arguments are without merit and have long been rejected. In Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984), for instance, this Court stated:

> Since the ratification of the Sixteenth Amendment, it is immaterial with respect to income taxes, whether the tax is a direct or indirect tax. The whole purpose of the Sixteenth Amendment was to relieve all income taxes when imposed from apportionment and from a consideration of the source whence the income was derived.

See also Ficalora v. Commissioner, 751 F.2d 85 (2d Cir. 1984); Sickler v. Commissioner, T.C. Memo. 1994-462; Boyce v. Commissioner, T.C. Memo. 1990-555. Respondent's determinations of unreported income for each of the years in issue are sustained.

Petitioners have stipulated that the sale in 1994 of the house that petitioner husband purchased in 1993 resulted in capital gain of $2,340. We conclude that this capital gain

constitutes taxable income.  Respondent's determination on this issue is sustained.

Respondent determined that petitioners are liable for accuracy-related penalties pursuant to section 6662(a) for negligence or disregard of rules or regulations.[1]  In their petition, petitioners assigned no error to that determination, nor did they assert either in their trial memorandum or at trial that the section 6662 penalties are in dispute.  Petitioners failed to offer any evidence that their underpayments were not due to negligence or that they did not disregard rules or regulations.  Respondent's determination of penalties under section 6662(a) is sustained.

The Tax Court is authorized under section 6673(a)(1) to require the taxpayer to pay to the United States a penalty not in excess of $25,000 when it appears to the Court that the taxpayer's position in the proceeding is frivolous or groundless. Petitioners' position, based on stale and meritless contentions, is manifestly frivolous and groundless, and their action has resulted in the waste of limited judicial and administrative resources.  Previously, on its own motion, this Court has awarded damages to the United States under section 6673 where the taxpayer advanced frivolous and groundless contentions similar to

---

[1] In the notices of deficiency for each of the years at issue, respondent determined that petitioners were liable for civil fraud penalties pursuant to sec. 6663, or in the alternative, accuracy-related penalties pursuant to sec. 6662. At trial, respondent abandoned the imposition of civil fraud penalties.

those advanced by petitioners.  See <u>Abrams v. Commissioner</u>, <u>supra</u> at 408-413.  Although we do not now impose a penalty under section 6673(a)(1), we caution petitioners that if they continue to advance such arguments to this Court, they will invite such penalties in the future.

To reflect the foregoing and a concession by the respondent,

<u>Decision will be entered</u>

<u>under Rule 155</u>.