**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Gibson TUCKER, Jr.,
Defendant-Appellant.**

No. 81–3754.

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1982.
Stay Denied Nov. 29, 1982.
See 103 S.Ct. 442.
Certiorari Denied Dec. 6, 1982.
See 103 S.Ct. 492.

Arthur A. Lemann, III, William A. Neilson, New Orleans, La., for defendant-appellant.

Howat A. Peters, Jr., Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, GEE and GARZA, Circuit Judges.

CLARK, Chief Judge:

Appellant James Gibson Tucker, Jr., was convicted in federal district court for willfully failing to pay income taxes during 1975, 1976 and 1977 in violation of 26 U.S.C. § 7203. On appeal, Tucker argues that the evidence was insufficient to support his conviction, that the district court applied an improper standard in determining "willfulness," and that he was selectively prosecuted in violation of his constitutional rights. We reject all three arguments and affirm the judgment of the district court. 524 F.Supp. 748.

Tucker, an attorney, failed to file income tax returns for 1962, 1963 and 1964. He was indicted for failing to file the returns. He pleaded *nolo contendere* and received a suspended sentence and a $9,000 fine. Between 1965 and 1969, Tucker regularly filed his income tax returns, but he consistently failed to pay the tax liability disclosed on these returns. Indeed, Tucker has not made a full and voluntary payment of his taxes since 1962. His current balance of unpaid taxes, not including penalties and interest, is $198,184.98.

The Internal Revenue Service undertook collection efforts in 1970. The IRS and Tucker entered into at least three settlement agreements between 1970 and 1978,

all of which were subsequently broken by Tucker. From 1972 to 1974, the IRS collected most of the inheritance Tucker otherwise would have received from his mother's estate. It also seized the majority of the salary Tucker was to receive for his National Guard service. Several voluntary payments were made throughout the period, but the payments fell far short of satisfying Tucker's debt to the government.

In 1975, Tucker had an acknowledged taxable income of no less than $29,198.69 on which he owed no less than $10,043.65 in federal income tax. In 1976, he had a taxable income of no less than $51,631.56 on which he owed at least $24,626.11. In 1977, he had a taxable income of no less than $30,994.38, on which he owed at least $12,011.37. There was no dispute that Tucker failed to satisfy his tax obligations in these three years.

Tucker made several expenditures for luxuries between 1975 and 1978. These expenditures included two trips to the Virgin Islands and one trip to Guadalajara, Mexico. He spent several thousand dollars on jewelry, a new pleasure boat and a new car for his son. He was a dues-paying member of both the Ambassador Club and the New Orleans Athletic Club. He also made several payments totalling more than $2,000 to a woman he was dating at the time.

■ In 1978, the IRS made Tucker the subject of a criminal investigation. A three-count indictment was handed down on August 5, 1981, charging Tucker with willfully refusing to pay his income tax for the years 1975, 1976 and 1977 in violation of 26 U.S.C. § 7203. Following a bench trial in district court, he was convicted on all three counts.

Tucker first argues that the evidence was insufficient to support the district court's finding that his failure to pay taxes was "willful" under 26 U.S.C. § 7203. In reviewing the sufficiency of the evidence, this court must ask itself whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jack-*

*son v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Khamis*, 674 F.2d 390, 393 (5th Cir. 1982). We conclude that a rational trier of fact could have found that Tucker's failure to pay income tax was willful and in violation of 26 U.S.C. § 7203 beyond a reasonable doubt. We therefore reject Tucker's first argument.

■ 26 U.S.C. § 7203 requires the government to prove that the defendant had a duty to pay income tax, that he failed to pay the tax, and that the failure to pay was willful. Only the willfulness issue was seriously contested below. As used in § 7203, the term "willful" means a voluntary, intentional violation of a known legal duty. *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *United States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973); *United States v. Buckley*, 586 F.2d 498, 504 (5th Cir.), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1978). To act willfully is to act voluntarily, purposefully, deliberately and intentionally, as distinguished from accidentally, inadvertently, or negligently. *United States v. Merritt*, 639 F.2d 254, 286 n.2 (5th Cir. 1981); *United States v. Smith*, 618 F.2d 280, 282 (5th Cir.), *cert. denied*, 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980); *Edwards v. United States*, 321 F.2d 324, 325 (5th Cir. 1963), *cert. denied*, 379 U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702 (1964). A taxpayer's good or evil motive is not relevant in determining whether his act was willful under § 7203. *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *United States v. Quimbey*, 636 F.2d 86, 90 (5th Cir. 1981).

A rational trier of fact could have found that Tucker voluntarily and intentionally violated his known legal duty to pay his taxes. We find abundant evidence of willfulness in the record. Tucker has not timely paid his full income tax since 1962. He made several luxury expenditures during the years in question. He is a highly skilled attorney of considerable intelligence and mental resource. There is no indication

whatsoever in the record that he did not know of his legal duty to pay taxes. There is every indication that his illegal failure to pay taxes was voluntary and intentional. We therefore reject Tucker's first argument.

Tucker's second argument is that, in order to show willfulness under § 7203, the government must prove that the taxpayer was financially able to pay his tax debt when it came due. Tucker argues that he was unable to pay his taxes when due because his checking accounts had either very low or negative balances, and because he had no other assets available to satisfy the debt. He thus concludes that his failure to pay was not willful. This argument borders on the ridiculous. Every United States citizen has an obligation to pay his income tax when it comes due. A taxpayer is obligated to conduct his financial affairs in such a way that he has cash available to satisfy his tax obligations on time. As a general rule, financial ability to pay the tax when it comes due is not a prerequisite to criminal liability under § 7203. Otherwise, a recalcitrant taxpayer could simply dissipate his liquid assets at or near the time when his taxes come due and thereby evade criminal liability.

Tucker cites decisions from other courts to the contrary. There is dicta in *United States v. Andros*, 484 F.2d 531, 533–34 (9th Cir. 1973), to the effect that a taxpayer may not be found guilty under § 7203 unless he possesses sufficient funds to be able to meet his legal obligations to the government on or about the tax due date. The court, however, went on to conclude that the taxpayer *did* have the financial wherewithal to pay his taxes on the relevant date, and held that he had violated § 7203. In *United States v. Goodman*, 190 F.Supp. 847, 856 (N.D.Ill.1961), the court stated that a taxpayer has no obligation to prefer the government as a creditor, or borrow money or agree to an assignment of his wages in order to pay his income tax liabilities on time. We are not bound by these decisions. *See United States v. Dawson*, 576 F.2d 656, 659 (5th Cir.), *cert. denied*, 439 U.S. 1127, 99 S.Ct. 1043, 59 L.Ed.2d 88 (1978). To the extent they are contrary to our holding today, we refuse to follow them.

Absent exceptional circumstances not present here, we conclude that mere unavailability of liquid assets on the tax due date does not excuse criminal liability under § 7203. We therefore refuse to reverse Tucker's conviction on this ground.

Tucker's third argument is that the district court erred in not granting him an evidentiary hearing on the issue of selective prosecution. In order to show that he has been selectively prosecuted in violation of his constitutional rights, a party must prove (1) that others similarly situated were not prosecuted, and (2) that the defendant's selection for prosecution was based on some impermissible consideration, such as race, religion, or an improper desire to prevent him from exercising his constitutional rights. *United States v. Rice*, 659 F.2d 524, 526 (5th Cir. 1981); *United States v. Tibbetts*, 646 F.2d 193, 195 (5th Cir. 1981). Tucker has failed to satisfy this two-pronged test. Although prosecutions such as this one are rare, so are tax histories such as Tucker's. Furthermore, Tucker has not demonstrated, or even alleged, that he was selectively prosecuted for an improper reason. We therefore reject Tucker's third argument.

We have considered Tucker's three arguments and find them to be without merit. His conviction is

AFFIRMED.