**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James C. AUSMUS, Jr.,
Defendant-Appellant.**

No. 84–5498.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 16, 1985.
Decided Oct. 16, 1985.

Michael D. Bowling, argued, Middlesboro, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., Thomas L. Self, argued, Lexington, Ky., for plaintiff-appellee.

Before KENNEDY and KRUPANSKY, Circuit Judges; and WEICK, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

Defendant-appellant, James C. Ausmus, Jr., appeals from his convictions on three counts of violating 26 U.S.C. § 7203[1] by willfully and knowingly failing to pay federal income taxes for calendar years 1978, 1979, and 1980. Defendant filed federal tax returns reporting taxable income of $23,260, $39,328, and $42,365 for the respective years, but did not pay the taxes due, $6,732, $13,211, and $15,401, respectively.

On May 14, 1984, the United States filed a motion in limine asking the District Court to allow the prosecution to introduce evidence of defendant's December 12, 1973 conviction under 28 U.S.C. § 7206(1) for filing false income tax returns for the years 1968 and 1969 and evidence that defendant had failed to pay his federal income taxes for the years 1965 through 1982. Defendant filed a written response opposing the prosecution's motion. Prior to trial on May 22, 1984, the District Court ruled that the United States could introduce evidence of the defendant's failure to pay his federal income taxes for the years 1967 through 1977 and 1981 through 1983 but denied the motion to allow the government to introduce evidence of the prior convictions.

The United States introduced evidence that the defendant had disposable income of $7,876.40 in 1978, $23,790.22 in 1979, and $23,567.72 in 1980, which defendant could have used to pay his federal income taxes. On cross-examination, defendant admitted that since 1967 he had not paid any income taxes voluntarily. Defendant admitted that he had spent his money on other things, such as rent, new suits, entertainment, going out to dinner, tires, flowers, supporting his fiancee, and sending one of his sons to college, rather than pay his

---

**1.** Title 26 U.S.C. § 7203 provides in pertinent part:

Any person required under this title to pay any estimated tax or tax ... who willfully fails to pay such estimated tax or tax ... at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ... or imprisoned not more than 1 year, or both, together with the costs of prosecution.

income taxes. Defendant testified that he kept very little money in the bank to prevent the Internal Revenue Service from seizing it. Defendant admitted his failure to pay the taxes was not an accident, negligence or inadvertence, but he stated that he intended to pay the taxes when he got the money.

The jury convicted the defendant on all charges. The District Court sentenced the defendant to one year on each count with consecutive sentences. The District Court then suspended the execution of the sentence on count three and placed the defendant on probation for five years following his release from confinement.

Defendant raises four issues on appeal: (1) Whether the District Court incorrectly instructed the jury regarding the defense of financial inability to pay federal income taxes; (2) Whether the District Court's instruction regarding willfulness violated the constitutional prohibition against imprisonment for debt; (3) Whether defense counsel's performance deprived defendant of a fair trial; and (4) Whether the District Court erred in allowing the government to introduce evidence that defendant had failed to pay his federal income taxes for years both prior to and subsequent to the years charged in the information. For the reasons set forth below, we affirm defendant's convictions.

**I.**

 Defendant argues that the District Court incorrectly instructed the jury regarding the defense of financial inability to pay federal income taxes. Defendant contends that the challenged instruction eliminated the requirement that the government prove that the defendant had the necessary specific intent to commit the offense. The District Court instructed the jury:

> The defendant asserts that his failure to pay his taxes for the years 1978, 1979

and 1980, was not willful because he did not have enough money to pay them. However, every United States citizen has an obligation to pay his income tax when it comes due. A taxpayer is obligated to conduct his financial affairs in such a way that he has cash available to satisfy his tax obligations on time. As a general rule, financial inability to pay the tax when it comes due is not a defense to criminal liability for willfully failing to pay income taxes.

The United States responds that since defendant did not object to the instruction Fed.R.Crim.P. 30 [2] prevents the defendant from raising the issue on appeal. *See United States v. Faulkner*, 538 F.2d 724, 728 (6th Cir.), *cert. denied*, 429 U.S. 1023, 97 S.Ct. 640, 50 L.Ed.2d 624 (1976). Defendant contends that he properly and timely objected to the instruction. While defendant's counsel initially expressed an objection to the proposed instruction, defendant arguably withdrew that objection when his counsel stated:

> I just read the next to the last sentence. It says, is not a defense to criminal liability for wilfully failing. Well, since the defense of wilfully is also included, that may, for my purposes, change the scope of the instruction. I think that would go to curing it.

Assuming defendant did not withdraw his objection to the instruction, the instruction correctly states the law. The language in the instruction came from *United States v. Tucker*, 686 F.2d 230, 233 (5th Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982). In *Tucker*, the appellant regularly filed his income tax returns but consistently failed to pay the disclosed tax liability. Tucker, however, spent considerable sums of money on luxuries including two trips to the Virgin Islands, a trip to Guadalajara, Mexico, jewelry, a new pleasure boat, a new car for his son, and club dues. Tucker also made pay-

**2.** Fed.R.Crim.P. 30 provides in pertinent part: No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

ments totaling more than $2,000 to a woman he was dating. The court stated that Tucker's defense that he did not have the liquid assets to pay his taxes "borders on the ridiculous." *Id.* The court concluded that, absent exceptional circumstances, mere unavailability of liquid assets does not excuse criminal liability under 26 U.S.C. § 7203.

Defendant asserts that *Tucker* was an incorrect statement of the law and that the United States must prove that, at the time defendant filed the returns, defendant possessed readily available funds so that he could pay his taxes. Defendant relies on *United States v. Andros,* 484 F.2d 531, 533–34 (9th Cir.1973), and *United States v. Goodman,* 190 F.Supp. 847 (N.D.Ill.1961), for the proposition that the prosecution must prove that the defendant was financially able to pay his taxes to establish a 26 U.S.C. § 7203 violation. The *Tucker* court specifically rejected those cases and refused to follow them.

In *United States v. Andros, supra,* the court stated, in dicta, that to establish a willful failure to pay taxes under 26 U.S.C. § 7203, the government must prove that the taxpayer possessed sufficient funds to meet his obligations to the government and that the taxpayer voluntarily and intentionally did not pay the tax due. The court, however, affirmed the defendant's conviction concluding that the taxpayer had the financial resources to pay his taxes when they were due. In *United States v. Goodman, supra,* defendant contended that his failure to pay income taxes was not willful but was caused by his financial inability to pay. The court stated that a taxpayer does not have any obligation to prefer the government as a creditor. Likewise, the

court took the position that the taxpayer had no obligation to borrow money or agree to an assignment of wages so that the taxpayer could pay his taxes on time. *Id.* at 856.

■ We adopt the rationale of the *Tucker* court and reject the language in *Andros* and *Goodman.* Otherwise, a recalcitrant taxpayer could spend his money as fast as he earns it and evade criminal liability while not paying taxes as long as his bank balance is zero when the taxpayer's taxes are due. We note that the Ninth Circuit appears to have retreated from its dicta in *Andros.*[3] In this case, defendant admitted that he spent money on luxuries including entertainment, new clothes, and support for his fiancee. Furthermore, the United States introduced evidence that defendant earned sufficient disposable income in the respective years so that defendant could have paid his taxes. Defendant, however, chose to spend his disposable income on other things. Even if defendant did not waive his objection to the challenged instruction, the District Court did not err in giving the instruction.

## II.

Defendant next argues that the District Court's instruction regarding willfullness violated the constitutional protection against imprisonment for debt. The District Court instructed the jury:

> The specific intent of wilfulness is an essential element of the offense of failure to pay one's income taxes. The term wilfully used in text connection [sic] with this offense means voluntarily, purposfully, [sic] deliberately, and intentionally as distinguished from accidentally, inad-

---

**3.** In *United States v. Poll,* 521 F.2d 329, 333 (9th Cir.1975), after citing *Andros,* the court reversed appellant's conviction under 26 U.S.C. § 7202 because the district court excluded evidence that the corporation lacked the liquid resources to pay the full amounts of federal income withholding taxes and social security taxes due and that appellant intended to make up the deficiencies later. Appellant offered the evidence to rebut the presence of willfulness. The court held that:

> [T]o establish willfulness the Government must establish beyond a reasonable doubt that at the time payment was due the taxpayer possessed sufficient funds to enable him to meet his obligation or that the lack of sufficient funds on such date was created by (or was the result of) a voluntary and intentional act without justification in view of all the financial circumstances of the taxpayer.

vertently or negligently. Mere negligence or even gross negligence is not sufficient to constitute wilfulness under the criminal law.

The failure to pay income taxes is wilful if the defendant's failure to act was voluntary and purposeful and with the specific intent to fail to do what he knew the law requires to be done. That is to say, with a bad purpose or evil motive to disobey or disregard the law which requires him to pay federal income taxes.

On the other hand, the defendant's conduct is not wilful if you find that he failed to pay his income taxes because of negligence, inadvertence, accident, or reckless disregard for the requirements of the law, or due to his good faith misunderstanding of the requirements of the law.

The only bad purpose or bad motive necessary for the government to prove in this case, however, is the deliberate intention not to pay his federal income taxes, which the defendant knew ought to be paid.

. . . .

An act is done knowingly if done voluntarily and intentionally and not because of mistake or accident or other innocent reason. The purpose of adding the word knowingly was to insure that no one would be convicted for an act done because of mistake or accident or other innocent reason.

The defendant contends that by defining willfully as meaning voluntarily, purposefully, deliberately, and intentionally as distinguished from accidentally, inadvertently, or negligently, the District Court diluted the constitutional protection against imprisonment for failure to pay debts unless accompanied by the commission of fraud. Defendant argues that the government must prove that defendant had a evil intent or evil motive in not paying his taxes to convict defendant under 26 U.S.C. § 7203. Defendant, however, did not object to the

willfulness instruction at trial. Although under Fed.R.Crim.P. 52(b), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court," the willfulness instruction did not constitute error.

■ Courts have upheld the language in the instruction on willfulness on many occasions. In *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 50 L.Ed.2d 12, *reh'g denied*, 429 U.S. 987, 97 S.Ct. 510, 50 L.Ed.2d 600 (1976), for example, in a case involving 26 U.S.C. § 7206,[4] the Supreme Court stated willfulness means "a voluntary, intentional violation of a known legal duty." The Supreme Court also stated that willfulness does not require proof of an evil motive. In *United States v. Wilson*, 550 F.2d 259, 260 (5th Cir.1977), the court upheld an instruction that the term "willfully" means "voluntarily, deliberately and intentionally, as distinguished from accidentally, inadvertently or negligently." The court stated that the government was not required to prove that the taxpayer's purpose was to evade a tax or defraud the government. A taxpayer's good or evil motive is not relevant in determining whether the taxpayer's act was willful under § 7203. *United States v. Pomponio*, *supra; United States v. Quimby*, 636 F.2d 86, 90 (5th Cir.1981).

■ Defendant contends the instruction violated his constitutional rights by subjecting him to imprisonment for failure to pay a debt. The thirteenth amendment provides in pertinent part:

Neither slavery nor involuntary servitude, except as a punishment for a crime whereof the party shall have been duly convicted, shall exist within the United States. . . .

Courts, however, have taken the position that the thirteenth amendment does not protect delinquent taxpayers from imprisonment. In *Carrollo v. United States*, 141 F.2d 997, 999 (8th Cir.1944), defendant filed a motion to vacate the judgment sentencing

---

**4.** In *United States v. Bishop*, 412 U.S. 346, 361, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 944 (1973), the Supreme Court held that the term "willfully"

has the same meaning in the misdemeanor and felony sections of the Internal Revenue Code.

him for an attempt to evade or defeat part of his income taxes. The motion argued, among other things, that the judgment constituted imprisonment for debt. The court rejected the argument as follows:

> The claim that the sentence constitutes an imprisonment for debt is not argued in the defendant's brief and hence, is abandoned. We have, however, considered the contention and are of the view that it is wholly without merit.

See *United States v. Drefke*, 707 F.2d 978, 983 (8th Cir.), *cert. denied*, 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983) ("The Thirteenth Amendment, however, is inapplicable where involuntary servitude is imposed as punishment for a crime."); *United States v. Goldman*, 352 F.2d 263, 265 (3d Cir.1965) (court upheld a ninety-day sentence and a $500 fine for a willful failure to pay gambler's tax under 26 U.S.C. § 7203); *United States v. Palermo*, 152 F.Supp. 825, 828 (E.D.Pa.1957) ("neither the Thirteenth Amendment nor any other Constitutional or statutory provision prevents imprisonment for non-payment of taxes") (footnote omitted); *United States v. Smith*, 62 F.Supp. 594, 596 (W.D.Mich. 1945) ("taxes are not debts, and hence penalties for non-payment, including imprisonment, do not constitute 'imprisonment for debt' ").

## III.

Defendant argues that defense counsel's performance denied him of the effective assistance of counsel guaranteed by the sixth amendment. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court articulated a two-part test that a defendant must satisfy to establish that counsel's assistance was so ineffective as to require the reversal of a conviction. First, the defendant must establish that defense counsel's performance was deficient. Second, the defendant must show that counsel's deficient performance prejudiced the defense and deprived defendant of a fair

trial whose result was reliable. 104 S.Ct. at 2064.

Defendant asserts at least five unprofessional acts by defense counsel: failing to research a mistake of law defense; conceding defendant did not act under a mistake of law; referring to an incorrect fact in opening statement; failing to interview a witness prior to trial; and failing to present a defense based on advice of counsel. Defendant bases his argument on this last ground on an affidavit attached to his brief, where he alleges that his former attorney, now deceased, advised him that as long as he filed his tax returns stating truly what was owed, he was not committing any criminal violation and that he honestly relied on that advice. Defendant did not raise this defense below and cannot raise it in this manner. Defense counsel referred to the incorrect fact in the opening statement and failed to interview the witness because defendant gave counsel false information. Professional standards do not require counsel to disbelieve a client and check with other sources unless counsel has a basis for such disbelief.

Even assuming that counsel's performance was deficient, defendant has not shown that any deficient performance prejudiced his defense. On cross-examination, defendant admitted that his failure to pay income taxes was not accidental, negligent, or inadvertent. Defendant's entire defense was that he did not have the money because he had spent the money on other things and that he intended to pay his taxes when he got the money.

## IV.

Finally, defendant argues that the District Court improperly admitted evidence that the defendant failed to pay his income taxes for years prior to and following the years charged in the information. The District Court ruled the evidence was admissible under Fed.R.Evid. 404(b)[5] to

---

**5.** Fed.R.Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a

show intent, plan, scheme, or absence of mistake or accident. Defendant contends that Fed.R.Evid. 403 required exclusion of the evidence because the prejudicial effects far outweighed any probative value. In *United States v. Cooper*, 577 F.2d 1079, 1088 (6th Cir.), *cert. denied*, 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978), this Court held that since the determination of whether to admit evidence of a defendant's prior misconduct rests in the sound discretion of the trial judge, a panel should not disturb a district court's determination unless the district court abused its discretion. We hold that the District Court did not abuse its discretion in allowing introduction of the evidence. The defendant's failure to pay taxes, both prior to and following the years in question, demonstrates a pattern, plan, and scheme indicating that his failure to pay his taxes in 1978, 1979, and 1980 was not the result of an accident, negligence, or inadvertence. The pattern demonstrates willfulness, which was part of the government's prima facie case.

Accordingly, defendant's convictions are affirmed.

person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of

motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.