951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis J. STOKES, Defendant-Appellant.
 No. 91-3114.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1991.
 
 Before BOYCE F. MARTIN, JR., and SUHRHEINRICH, Circuit Judges, and HILLMAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 A jury found Dennis Stokes guilty of willful failure to file tax returns in violation of 26 U.S.C. § 7203. Stokes's defense is that 1) his failure to file tax returns was not willful, 2) the district court abused its discretion by admitting evidence of other acts in violation of Fed.R.Evid. 404(b), and 3) the court's instruction on willfulness was plainly erroneous. We affirm.
 
 
 2
 * Dennis Stokes and Joseph Papania were equal partners in a truck stop business known as 7 & 14 Service Plaza in Columbiana, Ohio. Diesel fuel vendors are required by law to file quarterly excise tax returns reporting all transactions and amounts owed. 26 U.S.C. § 7203. A jury found Stokes guilty on five counts of violating section 7203 and he was subsequently sentenced. This appeal followed.
 
 II
 
 3
 * Section 7203 identifies any willful failure to pay taxes or file tax returns as a misdemeanor.[1] Stokes says his failure to file excise tax returns was not willful. He describes his conduct as inadvertant, based on confusion, and the result of his bookkeeper's inability to master the business's complex accounting system.
 
 
 4
 This argument amounts to a claim that the evidence was insufficient to prove the necessary element of willfulness. We "will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole." United States v. Stone, 748 F.2d 361, 363 (6th Cir.1984). In viewing the evidence we draw those reasonable inferences favorable to the government. United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 5
 To prove willfulness under § 7203 the government must show that Stokes's act was a voluntary and intentional violation of a known legal duty. United States v. Ausmus, 774 F.2d 722 (6th Cir.1985). Proof of an evil or bad motive is not required. Id.
 
 
 6
 In support of its case the government introduced evidence that two suppliers of diesel fuel informed Stokes of his legal duty to report excise taxes to the IRS. Prosecutors also submitted evidence demonstrating Stokes's duplicity regarding an attempt to evade his known legal duty by describing much of his sales as tax-exempt. We think that a reasonable mind could conclude from this evidence that Stokes acted willfully.
 
 B
 
 7
 Stokes objects to the admission of evidence concerning his skimming of cash from the register, failure to report proceeds from the operation of a bingo game, and falsification of a purchase order for an all-terrain vehicle in order to escape paying sales tax. Stokes considers this evidence irrelevant and unduly prejudicial.
 
 
 8
 Evidence of prior bad acts is inadmissable for the purpose of showing Stokes's propensity to act in conformity therewith. Fed.R.Evid. 404(b). Such evidence may, however, be relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id. We are mindful that Rule 404(b) "is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified." United States v. Blankenship, 775 F.2d 735, 739 (6th Cir.1985). We review the district court's decision for abuse of discretion. United States v. Paulino, 935 F.2d 739, 754 (6th Cir.1991).
 
 
 9
 Section 7203 establishes a specific intent crime and Stokes's primary defense is absence of willfulness. Evidence of intent has obvious probative value. Stokes's conduct as revealed by the evidence in question is admissable because it supports the jury's determination that his failure to file excise tax returns was not predicated on mistake, inadvertance, or confusion. United States v. Rothbart, 723 F.2d 752, 754 (10th Cir.1983).
 
 
 10
 The danger that this evidence was unduly prejudicial--that Stokes would be convicted under § 7203 for his other bad acts--was not very great. United States v. Huddleston, 811 F.2d 974, 976 (6th Cir.1987), aff'd, 485 U.S. 681 (1988). The district court did not abuse its discretion in admitting the contested evidence.
 
 C
 
 11
 Objection is also made to the court's jury instructions on willfulness. Stokes was initially charged with violating 26 U.S.C. § 7202 and § 7203. As to the § 7202 charges, the court's instruction defined willfulness as "a voluntary, intentional violation of a known legal duty."
 
 
 12
 Regarding the § 7303 charges, the court instructed the jury that
 
 
 13
 willfulness is also an element, and I have got the same identical definition and you are going to have this printed charge with you so I won't reread it.
 
 
 14
 Intent, specific intent, knowingly are all the same as before, motive, so I will not read them to you. They will be there for you.
 
 
 15
 Stokes submits that these instructions are misleading because use of the term "identical" to describe willfulness led jurors to believe that if Stokes was guilty of violating § 7202, he must also be guilty of violating § 7303. Since the defense made no objection to this instruction at trial, we review for plain error. United States v. Glover, 846 F.2d 339, 344 (6th Cir.1988).
 
 
 16
 Stokes's argument fails for two reasons. First, the instructions concerning willfulness correctly state the law. Second, we do not believe a reasonable juror would be confused by the instructions in a way that is prejudicial to Stokes. The district court's instructions to the jury do not amount to plain error.
 
 
 17
 The judgment of the district court is affirmed in its entirety.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 26 U.S.C. § 7203 provides in relevant part:
 Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ... or imprisoned not more than 1 year, or both, together with the costs of prosecution.