**Jerome ALLAMBY, Plaintiff–
Appellant,**

v.

**UNITED STATES of America, DE-
PARTMENT OF JUSTICE,
Defendants–Appellees.**

**No. 03–6030.**

United States Court of Appeals,
Second Circuit.

Jan. 8, 2004.

Jerome Allamby, Hollis, NY, for Appellant, pro se.

Catherine H. Friesen, United States Attorney's Office, Brooklyn, NY, for Appellees.

Present: OAKES, MESKILL, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Jerome Allamby, *pro se,* appeals from the January 13, 2003 judgment of the United States District Court for the Eastern District of New York (Allyne Ross, *Judge*) dismissing his "action of a civil nature" against the United States of America and the Department of Justice. In December 2002, Allamby filed this action to "vacate [an] unjust criminal conviction," challenging the "willfulness element" of the crime of tax evasion and the related instructions to the jury stemming from his March 1998 conviction under 26 U.S.C. § 7201 and 18 U.S.C. §§ 2(b), 287. Allamby argued that the Government's "inability to produce a valid law ... or to show in the United States Constitution the power vested in Congress to make the necessary and proper income tax ... moves the court to overturn the unjust conviction," and thus, Allamby should receive damages for malicious prosecution and false imprisonment. He also asked the Government to "stop all unconstitutional acts resulting from the federal income tax on individuals."

The District Court *sua sponte* dismissed Allamby's action in January 2003. The District Court noted that even though Allamby stated his action was a "motion to vacate [an] unjust criminal conviction," he

had not requested habeas corpus relief. The District Court explained that Allamby had already brought a 28 U.S.C. § 2255 motion, a 28 U.S.C. § 2241 petition, and a 42 U.S.C. § 1983 action, in which he had argued that Congress was without power to enact a valid income tax, as he once again contended in his motion to vacate. The District Court granted Allamby *in forma pauperis* status and dismissed the action because the claim was "frivolous" and "not cognizable and the relief he requests is not within the court's power to grant."

On appeal, Allamby argues that: (1) "income is not the subject of the tax, [but] the basis for determining the amount of the tax;" and (2) he is not a "taxable person" because he is an individual and not a corporation, business or "slave." He then challenges the "willfulness" element of his offense of conviction, asserting that the Government did not satisfy this element because "to have knowledge of a known legal duty requires knowledge of a valid law" and no one has shown him to his satisfaction that the income tax law is valid. Finally, Allamby argues that the income tax could not possibly be valid because there is no limit on the percentage of one's income the Government could take in taxes. In response, the Government argues that Allamby's action "lacked any arguable basis in law" and had been brought before the court on several prior occasions.

We review a district court's *sua sponte* dismissal under § 1915(e) *de novo*. *See Neal v. Goord*, 267 F.3d 116, 119 (2d Cir. 2001).[1] After reviewing the record before us, we conclude that Allamby's claim is without merit.

First, there is "no question but that Congress has the constitutional authority to impose an income tax." *United States v. Carley*, 783 F.2d 341, 344 (2d Cir.1986); *see Ficalora v. Comm'r of Internal Revenue*, 751 F.2d 85, 87 (2d Cir.1984). "[T]he payment of income tax is not optional ... and the average citizen knows that the payment of income taxes is legally required." *United States v. Schiff*, 876 F.2d 272, 275 (2d Cir.1989). While a defendant's subjective good faith belief that he or she is not required to pay taxes will negate the "willfulness" element of the crime of tax evasion, *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), this good faith defense encompasses "misunderstanding of law, not disagreement with law." *United States v. Schiff*, 801 F.2d 108, 112 (2d Cir.1986) (citing *United States v. Kraeger*, 711 F.2d 6, 7 (2d Cir.1983)). "Willfulness" is found where a defendant knows of the tax laws but disagrees with them. *See United States v. Droge*, 961 F.2d 1030, 1038 (2d Cir.1992). Consequently, there is no merit to Allamby's claim that Congress does not have the constitutional authority to impose the federal income tax upon him or that his conviction for tax evasion was unjust.

We have reviewed Allamby's other contentions and find them to be without merit. The judgment of the District Court is hereby AFFIRMED.

---

1. In dismissing this action as frivolous, the District Court did not cite to 28 U.S.C. § 1915(e), but Allamby was, and is, proceeding *in forma pauperis*.