Jerome E. ALLAMBY, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 06–1104–cv.

United States Court of Appeals,
Second Circuit.

Nov. 7, 2006.

Jerome E. Allamby, pro se, Hollis, NY,
for Appellant.

Sara Ann Ketchum, Attorney, (Thomas J. Clark, Attorney, on the brief), for Eileen J. O'Connor, Assistant Attorney General, Tax Division, Department of Justice, Washington, D.C. and Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Honorable WALKER, Honorable REENA RAGGI, Circuit Judges and Honorable TIMOTHY C. STANCEU,[1] Judge.

## SUMMARY ORDER

Jerome E. Allamby, *pro se*, appeals from the district court's judgment *sua sponte* dismissing this action against the United States, the latest in a series of unsuccessful suits filed by Allamby to challenge his 1998 conviction for tax evasion and fraud against the United States. *See id.* at 2–3. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Subject Matter Jurisdiction*

The United States submits that we should affirm the district court's dismissal for lack of subject matter jurisdiction. *See United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir.2000); *see also United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). We agree.

■ In this action, Allamby invokes the Thirteenth Amendment to sue the United States for false arrest and malicious prosecution. U.S. Const. amend XIII. Insofar as Allamby seeks an award of damages, the sole source of federal jurisdiction is the Federal Tort Claims Act ("FTCA"), which waives the United States' sovereign immunity for certain intentional torts. *See* 28 U.S.C. §§ 2679(a), 2680(h) (2000). A claim under the FTCA is "forever barred," however, "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Id.* § 2401(b); *see id.* § 2675(a); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir.2005) (noting that FTCA exhaustion requirement "is jurisdictional and cannot be waived"). Allamby has made no such administrative claim, let alone a timely one. Thus, federal courts are without jurisdiction to entertain his claim for damages.

■ Insofar as Allamby sues to overturn his 1998 conviction, subject matter jurisdiction is similarly lacking. The validity of a conviction "may be challenged only on direct appeal or through a habeas corpus proceeding." *United States v. Warren*, 335 F.3d 76, 78 (2d Cir.2003). Because Allamby has exhausted these means, he has "embarked upon a more creative path" of filing civil suits against the United States, including the instant civil tort suit. Memorandum and Order at 2. It is well established, however, that a civil tort suit is not the "appropriate vehicle[ ] for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In sum, Allamby's complaint was properly dismissed for lack of subject matter jurisdiction.

### 2. *Tax–Protester Arguments*

Even if Allamby could establish federal jurisdiction, his complaint was properly

1. The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

dismissed as frivolous. Although it is unclear whether we review *de novo* or for abuse of discretion a district court's *sua sponte* dismissal of a fee-paid complaint as frivolous, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 n. 2 (2d Cir.2000) (*per curiam*), we need not decide that issue here as we affirm the district court's decision under either standard of review.

 At their root, Allamby's claims rest on long-rejected "tax protester" arguments that the federal income tax is unconstitutional and that wages are not taxable income. As this Court explained in affirming the dismissal of one of Allamby's prior complaints, "there is 'no question but that Congress has the constitutional authority to impose an income tax.'" *Allamby v. United States,* 85 Fed.Appx. 784, 786 (2d Cir.2004) (quoting *United States v. Carley,* 783 F.2d 341, 344 (2d Cir.1986)). There is similarly no question that wages are taxable income. *See Ficalora v. C.I.R.,* 751 F.2d 85, 88 (2d Cir.1984) (citing 26 U.S.C. § 61(a)(1)). Allamby's invocation of the Thirteenth Amendment warrants no different conclusion as that amendment "does not protect delinquent taxpayers from imprisonment." *United States v. Ausmus,* 774 F.2d 722, 726 (6th Cir.1985).

We have reviewed Allamby's other contentions and find them to be wholly without merit. Additionally, pursuant to Rule 38 of the Federal Rules of Appellate Procedure, the United States moves for a sanctions award of $8,000 against Allamby. Although we decline to award sanctions at this time, we specifically warn Allamby that he will be subject to sanctions if he continues to abuse the judicial process by instigating further frivolous tax challenges. *See Schiff v. C.I.R.,* 751 F.2d 116, 117 (2d Cir.1984) ("Both damages and costs are appropriate sanctions against those who would persistently raise arguments against the income tax which have been put to rest for years."). To ensure against such abuse, we order Allamby to attach a copy of this summary order to any future filing relating to taxation.

The district court's February 13, 2006 judgment dismissing plaintiff's complaint is hereby AFFIRMED, and the government's motion for sanctions is DENIED.